Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 3394 | **DATE** | 3/28/2001 |
| **CASE TITLE** | USA ex rel. Victor Davilla vs. DeWayne Clark, Warden | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   ENTER MEMORANDUM OPINION AND ORDER: Because Davilla has either procedurally defaulted on his claims or fails to present any error on the part of the state courts that would warrant a writ of habeas corpus, the petition is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAR 29 2001 date docketed | |
| | Notified counsel by telephone. | | |
| ✓ | Docketing to mail notices. | | 32 |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | MAR 29 2001 date mailed notice | |
| WAP | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**F I L E D**

MAR 28 2001

Judge Harry D. Leinenweber
U. S. District Court



UNITED STATES OF AMERICA, *ex rel.*, VICTOR DAVILLA,

Plaintiff,

v.

DEWAYNE CLARK, Warden,

Defendant.

Case No. 98 C 3394

Judge Harry D. Leinenweber

DOCKETED

MAR 29 2001

## MEMORANDUM OPINION AND ORDER

Before the Court is state prisoner Victor Davilla's ("Davilla") petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. Because Davilla has either procedurally defaulted on his claims or fails to present any error on the part of the state courts that would warrant a writ of *habeas corpus*, the petition is denied.

### BACKGROUND

In 1990, Davilla was tried before Judge Ronald A. Himel in the Circuit Court of Cook County and found guilty of possession of a controlled substance with intent to deliver 900 grams or more of cocaine, Ill. Rev. Stat. 1989, ch. 56 1/5, par. 1401(a)(2)(D), and sentenced to 90 years in prison. Davilla waived his right to a trial by jury, and he was tried with four other defendants. Because Davilla had a lengthy record of convictions, some of which were drug related, and because of the large quantity of high grade

cocaine found on the defendant, Judge Himel sentenced him to 90 years in the custody of the Illinois Department of Corrections, even though the State had recommended a 60-year sentence. During sentencing, Judge Himel made the following statement: "I think the appropriate sentence in this case would be something like one thousand to three thousand years in the Illinois Department of Corrections. I can't sentence to you to one thousand to three thousand years. But I think that is the only appropriate sentence."

Davilla filed a timely appeal to the state appellate court alleging the following errors by the trial court: (1) failure to convict him beyond a reasonable doubt because the state's evidence on a vital issue of fact was impeached and contradicted by impartial witnesses; (2) denial of a fair trial because the trial judge failed to consider the testimony of a witness, the judge formed adverse opinions regarding defense witnesses, the judge impermissibly conducted a private investigation by asking the prosecution questions designed to adduce answers predicated on information not in the record, and the prosecutor relied on facts not in evidence; (3) ineffective assistance of counsel because his counsel had conflicting loyalties which adversely affected his representation; and (4) abuse of discretion by the trial judge because he sentenced Davilla to 90 years in custody. On September 29, 1992, however, the Illinois Appellate Court affirmed

Davilla's conviction and sentence. *See People v. Davilla*, 236 Ill. App. 3d 367, 603 N.E.2d 666 (1st Dist. 1992).

Davilla filed a petition for leave to appeal in the Illinois Supreme Court, which was denied on February 3, 1993. *See People v. Davilla*, 148 Ill.2d 646, 610 N.E.2d 1269 (1993). Davilla next filed a petition for a writ of certiorari to the United States Supreme Court, which the Court denied on June 4, 1993. *Davilla v. Illinois*, 509 U.S. 909, (1993).

Davilla filed a *pro se* Post-Conviction Petition in the Circuit Court of Cook County pursuant to 725 ILCS 5/122-1 on the grounds of newly discovered evidence, perjured testimony, and ineffective assistance of counsel, which was dismissed on June 28, 1995. Davilla appealed that ruling, and the Illinois Appellate Court affirmed the judgment of the Circuit Court on February 14, 1997. Davilla filed a petition for leave to appeal to the Illinois Supreme Court, which was denied on June 4, 1997.

Davilla filed the instant petition for a writ of habeas corpus pursuant to § 2254 on June 2, 1998. The petition purports to raise the following claims: (1) that newly discovered evidence warranted an evidentiary hearing; (2) that the trial court abused its discretion in considering evidence not in the record in dismissing the petition for post-conviction relief; (3) that counsel for defendant labored under an actual conflict of interest made manifest at trial; (4) ineffective assistance of counsel; and (5)

that the 90-year sentence is excessive and violated his right to be free from cruel and unusual punishment. In his Memorandum in support of his petition, Davilla only argues the fifth claim in his petition.

**DISCUSSION**

Before the Court can consider the merits of a petition for a writ of *habeas corpus*, several threshold requirements must be met. First, the petitioner must have exhausted his state court remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 841 (1999). Additionally, the petitioner must have fairly presented his federal claims at each step of a state proceeding, so as not to be procedurally defaulted. *See Momient-El v. DeTella*, 118 F.3d 535, 538 (7th Cir. 1997). Federal review is precluded if the petitioner is in default unless the petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 724 (1991). Furthermore, even if the issues were fairly presented, federal review is still precluded if a state court declined to address the merits of the issues based upon a state ground that is both independent of the federal question and adequate to support the judgment. *Coleman*, 501 U.S. at 729. Finally, the petitioner must raise an issue of federal law. *See* 28 U.S.C. § 2254 ("a district court shall entertain an

application for writ of habeas corpus . . . only on the ground that [a prisoner] is in custody in violation of the Constitution or laws or treaties of the United States.")

### Procedural Default

Clark does not argue that Davilla's first four claims are procedurally defaulted, thus, the arguments are waived. Clark does argue, however, that Davilla's fifth claim, that the 90-year sentence is excessive and violated his right to be free from cruel and unusual punishment, is procedurally defaulted. Clark argues that the first time that Davilla has argued that his sentence constitutes cruel and unusual punishment was in his petition for writ of habeas corpus. Further, Davilla failed to address the procedural default issue, and he did not take advantage of the opportunity to file a reply brief.

As demonstrated both by Davilla's briefs in the Illinois Appellate Court and the Illinois Appellate Court's decision, Davilla argued that the trial court abused its discretion in sentencing him to ninety years because the court improperly based the severity of the sentence on the gram weight of the untested substances and because the judge improperly relied on his own personal opinions regarding the social value of cocaine and his own knowledge about the drug. Abuse of discretion, however, is a matter of state law, not a federal constitutional claim. *See Hodges v. Haws*, 955 F. Supp. 958, 964 (N.D. Ill. 1997). An

exhaustive review of Davilla's state court briefs indicates that he never argued or even raised his cruel and unusual punishment argument in state court. Fair presentment requires Davilla "to give the state courts a meaningful opportunity to pass upon the substance of the claims later presented in federal court," meaning both the operative facts and the controlling legal principles must be submitted for the court's review. *Rodriguez v. Scilla*, 193 F.3d 913, 916 (7th Cir. 1999). The record does not contain any evidence that Davilla fairly presented this issue during either direct appeal or the post-conviction relief proceedings. As such, the claim has been waived. *O'Sullivan*, 526 U.S. at 845.

A petitioner's procedurally defaulted claims must, however, be taken up by the federal court if he can either (1) "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) "demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. In order for Davilla to demonstrate a fundamental miscarriage of justice, he must present evidence that the alleged constitutional violations "probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Although Davilla was provided by this Court with an opportunity to respond to Clark's answer to the petition, he provides no justification for the

defaulted claim. Therefore, Davilla's Eighth Amendment cruel and unusual punishment claim is procedurally defaulted.

### Merits

Four of Davilla's claims survive the *habeas* procedural gauntlet; however, Davilla fails to make any arguments in his memorandum or to cite any cases and instead rests solely on his petition. In his first claim, Davilla asserts that the trial court wrongly decided that his newly acquired evidence did not warrant an evidentiary hearing. The court, relying solely on state grounds, found that the newly discovered evidence was merely cumulative, not new, and not of such a conclusive character as would probably change the result at trial. (Exh. E to Answer, pp. 6-8.) In his second claim, Davilla asserts that the trial court abused its discretion by considering evidence not in the record in dismissing the Petition for Post-Conviction relief. Davilla does not here, nor is there evidence that he has ever asserted any federal or constitutional grounds for this claim. Davilla's contentions do not allege a violation of the Constitution, laws, or treaties of the United States necessary to invoke habeas review. *Estelle v. McGuire*, 112 S. Ct. 475, 480 (1991); *Jones v. Thieret*, 846 F.2d 457, 461 (7th Cir. 1988).

In Davilla's third and fourth claims he asserts that he received ineffective assistance of counsel because his trial counsel had a conflict of interest and because his counsel failed

to present witnesses at trial who would demonstrate that a co-defendant was the actual guilty party. To establish ineffective assistance of counsel, petitioner must demonstrate that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Only a clear error in applying *Strickland's* standard would support a writ of habeas corpus. *Holman v. Gilmore*, 126 F.3d 876, 882 (7th Cir. 1997). Davilla does not make any arguments on these issues, and the court can only surmise that he would make the same arguments that he made in the Illinois Appellate Court. After a review of those arguments, the court finds that Davilla has failed to demonstrate that he was denied his constitutional right to effective counsel.

Last, even if Davilla's Eighth Amendment claim was not procedurally barred, it would fail on the merits. The Seventh Circuit recently addressed an almost identical issue in *Henry v. Page*, 233 F.3d 477 (7th Cir. 2000). In *Henry*, the petitioner was convicted of unlawful possession of cocaine with the intent to deliver, and the trial court sentenced him to an enhanced 80 year prison term as allowed by Illinois law. The court recognized "some degree of sentencing proportionality in the Eighth Amendment," but reiterated its previous holding that "'in non-capital felony

conviction, a particular offense that falls within legislatively prescribed limits will not be considered disproportionate unless the sentencing judge has abused his discretion.'" *Id.* at 482, *citing United States v. Vasquez*, 966 F.2d 254, 261 (7th Cir. 1992). The court found that there was no abuse of discretion in the petitioner's 80 year sentence because the sentence was authorized by Illinois law and the petitioner did not dispute that his previous convictions made him eligible for the enhanced sentence. Finding no basis upon which to conclude that the sentencing court abused its discretion, the court affirmed the denial of the writ.

Davilla's case is almost identical to the petitioner's case in *Henry*. The sentence was authorized by Illinois law and Davilla does not dispute that his previous convictions made him eligible for the enhanced sentence. As such, he is not entitled to a writ of *habeas corpus*.

### CONCLUSION

Accordingly, for the reasons stated herein, Davilla's petition for a writ of *habeas corpus* is denied.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Date: March 28, 2001